UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONALD LONGO,

                                                                                           **MEMORANDUM AND ORDER**

                       Plaintiff,                                             CV 05-1764

                    -against-

                                                                  (Wexler, J.)

SUFFOLK COUNTY POLICE DEPARTMENT
COUNTY OF SUFFOLK, and PHILLIP
ROBILOTTO (in his individual and official
capacities),

                       Defendants.

----------------------------------------------------------------X

LEEDS MORELLI & BROWN, PC.
BY: THOMAS RICOTTA, ESQ.
Attorney for Plaintiff
One Old Country Road Suite 347
Carle Place, New York 11514

CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY
BY: JENNIFER K. MCNAMARA, ESQ, ASSISTANT COUNTY ATTORNEY
Attorneys for Defendants
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099

WEXLER, District Judge

      This is an action commenced by Plaintiff Donald Longo ("Plaintiff" or "Longo"), a former member of the Suffolk County police force. Plaintiff alleges that certain actions taken by Defendants in connection with Plaintiff's employment, including his constructive discharge, were taken in violation of the due process and equal protection clauses of the United States Constitution. Redress for these alleged unconstitutional acts is sought pursuant to 42 U.S.C. §

1

1983 ("Section 1983"). Named as Defendants are the Suffolk County Police Department, the County of Suffolk and Phillip Robilotto, the former Suffolk County Chief of Police. Presently before the court is the motion of all defendants to dismiss the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

I. Factual Background

The facts set forth below are drawn from Plaintiffs' complaint. Those facts are construed in the light most favorable to Plaintiff, the non-moving party and assumed, at this juncture, to be true.

Plaintiff joined the Suffolk County Police Department, as a police officer, in 1975. He alleges that his career was marked by exemplary service and consistent promotions, until an incident that occurred in July of 2001. The incident, referred to in the complaint, as the "Kelly Winston" incident, involved a claim by Ms. Winston, an acquaintance of Plaintiff, that Plaintiff illegally entered her home. This alleged illegal entry, denied by Plaintiff, led to an internal affairs investigation and a gradual unraveling of Plaintiff's career.

The court will not recount the great factual detail set forth in the complaint regarding the incident involving Kelly Winston. Suffice it to say that Plaintiff alleges that following the incident he was illegally and maliciously prosecuted and eventually forced into retirement. With respect to the named individual defendant, it is alleged that former Suffolk Chief of Police Robilotto had personal knowledge of the incident and was unconcerned as to Plaintiffs' guilt or innocence. It is further alleged that Robilotto was "out to get" Plaintiff and wanted him to retire.

2

Plaintiff alleges that he was disciplined in a manner that he characterizes as arbitrary and capricious. Before his retirement, Plaintiff commenced a proceeding pursuant to Section 75 of the New York Civil Service Law ("Section 75") to review the discipline. Although Plaintiff did not prevail in his Section 75 proceeding, he made no attempt to appeal that ruling pursuant to Article 78 of the New York Civil Practice Law and Rules ("Article 78").

Plaintiffs' complaint also details facts surrounding a proceeding held pursuant to Section 72 of the New York Civil Service Law ("Section 72"). That proceeding was convened in October 2003, after Plaintiff attempted to regain permission to carry a firearm – a right that was taken from him after the earlier discipline. Plaintiff underwent psychiatric examinations in 2003, 2004 and 2005. Plaintiff alleges that on the day after his last examination, he was informed that if he did not retire, he would be terminated pursuant to Section 72. On March 7, 2005, Plaintiff retired from the police department. He characterizes his retirement as a wrongful constructive discharge "for possession of a 'mental impairment' that does not exist."

## II. Plaintiff's Claims and Defendants' Motion

As noted above, Plaintiff brings this case pursuant to Section 1983. While his complaint alleges additional state law claims, those claims have been abandoned and the only remaining claims are his civil rights claims alleging a violation of his rights to due process and equal protection of the laws. Defendants move to dismiss all claims. After outlining the applicable legal principles the court will consider the merits of the motion.

<u>DISCUSSION</u>

I. <u>Legal Principles</u>

  A. <u>Standards For Motion to Dismiss</u>

Defendants' motion is made in the context of a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. A motion to dismiss is properly granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Sweet v. Sheahan</u>, 235 F.3d 80, 83 (2d Cir. 2000). When considering a motion to dismiss for failure to state a claim, the court can consider only the facts as set forth in the complaint or documents attached thereto. When considering the facts pled, the court must accept as true all factual allegations in the complaint. All reasonable inferences must be drawn in favor of the non-moving party. <u>Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College</u>, 128 F.3d 59, 63 (2d Cir. 1997). A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). With these principles in mind, the court turns to the merits of Defendants' motions.

  B. <u>The Section 1983 Claims: General Principles</u>

To state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), plaintiff must show a deprivation of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983; <u>Sykes v. James</u>, 13 F.3d 515, 519 (2d Cir. 1993). The state action requirement is satisfied in this case because Plaintiff was employed by Suffolk County. <u>See Magee</u>, 27 F. Supp.2d at 160 n.5. The constitutional rights alleged to have been violated are Plaintiff's rights to due process and equal protection of the law. Plaintiff seeks

4

to hold both the County of Suffolk and an individually named defendant liable. Before turning to the elements of stating the due process and equal protection claims, the court discusses briefly the requirements for imposing municipal and individual liability pursuant to Section 1983.

1. Municipal Liability for Section 1983 Violations

To impose civil rights liability upon a municipality, a plaintiff must prove that the deprivation of constitutional rights was caused by a municipal "policy" or "custom." Wimmer v. Suffolk County Police Dep't., 176 F.3d 125, 137 (2d Cir. 1999); see Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). To establish the liability of a municipality such as Suffolk County, Plaintiff must show that "deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 400 (1997), quoting, Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). Thus, Plaintiff must show that municipal action was taken with "the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404.

Where a plaintiff claims that the municipality has caused an employer to make decisions depriving plaintiff of his Constitutional rights, "rigorous standards of culpability and causation must be applied" to ensure that liability is not imposed simply upon a respondeat superior theory. Brown, 436 U.S. at 415. Continuing adherence to an approach that consistently results in unconstitutional acts by employees may establish such deliberate indifference as to trigger municipal liability. On the other hand, proof only of a one-time negligent administration of a program cannot be relied upon to establish municipal liability. Id. at 407-08. See also Neighbour v. Covert, 68 F.3d 1508, 1512 (2d Cir. 1995) (only a municipality's failure to train that evidences

5

a "deliberate indifference" to the rights of individuals can the action be a policy or custom sufficient to impose Section 1983 liability), quoting, Canton v. Harris, 489 U.S. 378, 389 (1989).

2. <u>Individual Liability Under Section 1983</u>

Plaintiff names Phillip Robilotto individually, as a defendant herein.[1] To hold this defendant individually liable for a civil rights violation, Plaintiff must show some personal involvement in the constitutional violation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Perri v. Coughlin, 1999 WL 395374 *7 (N.D.N.Y. June 11, 1999); Bartolini v. Stancari, 1998 WL 460160 *5 (S.D.N.Y. August 5, 1998); Fry v. McCall, 945 F. Supp. 655, 661 (S.D.N.Y. 1996).

Personal involvement necessary to impose individual liability includes situations where: (1) the defendant directly participated in the infarction; (2) the defendant failed to remedy the wrong after learning of the constitutional violation; (3) the defendant created the policy or custom under which the unconstitutional practice occurred or allowed such custom or policy to continue or, (4) the defendant was grossly negligent in managing subordinates who caused the unlawful event. Wright, 21 F.2d at 501; Moffit v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991); Perri, 1999 WL 395374 *8.

---

[1] Claims against county officials in their "official" or "professional" capacities are identical to claims brought against the governmental entity itself. Orange v. County of Suffolk, 830 F. Supp. 701, 706-07 (E.D.N.Y. 1993); see Wallikas v. Harder, 67 F. Supp.2d 82, 83-84 (N.D.N.Y. 1999). Where, as here, the entity is named, it is redundant to allow the lawsuit to continue against individuals in their official capacities. Orange, 830 F. Supp. at 706-07. Accordingly, the court dismisses the official capacity claim against Robilotto.

6

II. <u>Due Process Claim</u>

A. <u>Legal Principles</u>

Plaintiff claims denial of his right to procedural due process. Procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard. See <u>Natale v. Town of Ridgefield</u>, 170 F.3d 258, 262 (2d Cir. 1999). To state a due process violation, Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest. <u>White Plains Towing Corp. v. Patterson</u>, 991 F.2d 1049, 1061-62 (2d Cir.1993); <u>Costello v. McEnery</u>, 1994 WL 410885 *4 (S.D.N.Y. August 3, 1994), <u>aff'd</u>, 57 F.3d 1064 (2d Cir. 1995). It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process. While state law may define the interest sought to be protected, federal law determines whether an interest rises to the level of an "entitlement" implicating the protections of the Due Process Clause. <u>Ezekwo v. New York City Health & Hosp. Corp.</u>, 940 F. 2d 775, 782 (2d Cir.), <u>cert. denied</u>, 502 U.S. 1013 (1991), quoting, <u>Memphis Light, Gas & Water Div. v. Craft</u>, 436 U.S. 1, 9 (1978); <u>Babcock v. Rezak</u>, 1998 WL 543742 *3 (W.D.N.Y. August 18, 1998).

Employment, itself, does not create a federally protected property right, absent a statutory or contractual provision creating a right to continued employment. <u>Coogan</u>, 134 F.2d at 484; <u>Costello</u>, 1994 WL 410885 *4. Where, however, the plaintiff is a public employee who is terminable only for cause, there exists a Constitutionally protected property right to continued employment. See <u>Locurto v. Safir</u>, 264 F.3d 154, 171 (2d Cir. 2001). Once the protected right is identified, the question before the court is the measure of process that is due. See <u>id</u>. at 173.

7

B. <u>Disposition of Motion to Dismiss Due Process Claim</u>

Plaintiff, a public employee, asserts, and Defendants do not deny, a constitutionally protected interest in his continued employment. The parties disagree, however, as to the measure of process due and whether or not Plaintiff may pursue a due process claim in the context of this action. Specifically, Defendants assert that the due process claim must be dismissed because Section 75 provides adequate pre-deprivation process and Article 78 provides an adequate post-deprivation remedy. The court agrees.

Due process dictates that certain public employees who are to be terminated receive, at a minimum, notice of charges and an extremely limited hearing prior to the termination. <u>Locurto</u>, 264 F.3d at 173. After termination, the employee is entitled to a full adversarial hearing before a neutral adjudicator. <u>Id</u>. Courts in this circuit as well as the Second Circuit Court of Appeals have held, clearly and repeatedly, that the combination of Section 75 and 78 provide a terminated public employee with remedies that are consistent with the requirements of the due process clause of the Constitution E.g., <u>Hellenic American Neighborhood Action Committee v. City of New York</u>, 101 F.3d 877, 881-82 (2d Cir. 1996) (Article 78 satisfies due process); <u>Locurto</u>, 264 F.3d at 174-75 (same); <u>Edwards v. City of New York</u>, 2005 WL 3466009 *20 (S.D.N.Y. 2005); <u>Chaffer v. Bd. of Educ. of the City School Dist. of the City of Long Beach</u>, 299 F. Supp.2d 185, 189 (E.D.N.Y. 2002)(noting adequacy of Articles 75 and 78); <u>Whiting v. Incorporated Village of Old Brookville</u>, 8 F. Supp.2d 202, 211 (E.D.N.Y. 1998). Indeed, such a proceeding provides the employee the opportunity to raise the precise type of claims raised here, <u>i.e.</u>, that the agency was biased and prejudged the outcome of his case. <u>Locurto</u>, 264 F.3d at 174-75. Moreover, it matters not whether a plaintiff actually avails himself of the state court post-deprivation process.

8

So long as that process is available, a due process claim must be dismissed. <u>Hellenic American Neighborhood Action Committee</u>, 101 F.3d at 881; <u>Whiting</u>, 8 F. Supp.2d at 202.

In light of the foregoing clear precedent foreclosing a due process claim where, as here, New York's State's measures have been held adequate, the court grants Defendants' motion to dismiss Plaintiff's due process claim.

III. <u>Equal Protection Claim</u>

A. <u>Legal Principles</u>

The Fourteenth Amendment right to Equal Protection of the law is "essentially a direction that all persons similarly situated be treated alike." <u>City of Cleburne, Texas v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985); <u>Disabled American Veterans v. United States Dep't of Veterans Affairs</u>, 962 F.2d 136, 141 (2d Cir. 1992). To establish an Equal Protection violation, plaintiff must show purposeful discrimination directed to an identifiable class. <u>Giano v. Senkowski</u>, 54 F.3d 1050, 1057 (2d Cir. 1995).

Even if no suspect class or identifiable right is implicated, an Equal Protection violation may be found based upon "arbitrary and irrational discrimination" or an allegation of selective treatment in terms of public employment where it is shown that such treatment was motivated by an intention to discriminate based upon impermissible considerations, such as race or by a malicious or bad faith intent to injure the person. See <u>Muller v. Costello</u>, 187 F.3d 298, 308 (2d Cir. 1999); <u>Quinn v. Nassau County Police Department</u>, 53 F. Supp.2d 347, 355 (E.D.N.Y. 1999).

B. <u>Disposition of Motion to Dismiss Equal Protection Claim</u>

Plaintiff here is a white male. He is not, and does not argue to be, a member of any

9

suspect or identifiable class, the membership in which subjected him to discrimination. Instead, he argues that his equal protection rights were violated by malicious and arbitrary treatment. At this stage of the proceedings, taking all of Plaintiff's allegations regarding selective and malicious treatment as true, the court must deny the motion to dismiss Plaintiff's equal protection claim.

IV. Remaining Issues

Defendants' motion to dismiss also seeks dismissal of any municipal or individual liability claim. Facts necessary to determine whether such liability may be imposed, however, cannot be decided in the context of this motion to dismiss. In particular, the court cannot determine the individual involvement of the named defendant or the policies of the municipal defendant. Suffice it to say that these elements have been pled sufficiently. Accordingly, the court denied the motions to dismiss all claims of individual and municipal liability at this time.

## CONCLUSION

For the foregoing reasons, the defense motion to dismiss the complaint is granted in part and denied in part. The motion to dismiss the due process claims is granted. The motion is, in all other respects, denied. The Clerk of the Court is directed to terminate the motion and the parties are directed to continue with discovery.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
May 1, 2006