UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONALD LONGO,

MEMORANDUM AND ORDER

Plaintiff,

CV 05-1764

-against-

(Wexler, J.)

SUFFOLK COUNTY POLICE DEPARTMENT
COUNTY OF SUFFOLK, and PHILLIP
ROBILOTTO (in his individual and official
capacities),

Defendants.

------------------------------------------------------------X

LEEDS MORELLI & BROWN, PC.
BY: THOMAS RICOTTA, ESQ.
Attorney for Plaintiff
One Old Country Road Suite 347
Carle Place, New York 11514

CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY
BY: JENNIFER K. MCNAMARA, ESQ, ASSISTANT COUNTY ATTORNEY
Attorneys for Defendants
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099

WEXLER, District Judge

This is an action commenced by Plaintiff Donald Longo ("Plaintiff"), a former member of the Suffolk County police force. Plaintiff's complaint alleged that actions taken by Defendants in connection with Plaintiff's employment, including his constructive discharge, were taken in violation of the due process and equal protection clauses of the United States Constitution. In a Memorandum and Opinion dated May 1, 2006, this court dismissed Plaintiff's due process claim

1

but held that the equal protection claim was sufficiently pled to survive a motion to dismiss. Defendants now move for summary judgment on the remaining equal protection claim.

Upon consideration of the papers in support of and in opposition to the motion, this Court finds that genuine issues of material fact exist precluding the entry of summary judgment with respect to plaintiff's remaining claim. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). Accordingly, Defendants' motion for summary judgment is denied. The denial of the motion is without prejudice to renewal at the close of Plaintiff's case. The Clerk of the Court is directed to terminate the motion for summary judgment.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 24, 2006

2